**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**NORTHERN FRAC PROPERTIES, LLC, ET AL.**

**VERSUS**

**REGIONS BANK, NA, ET AL.**

**CIVIL ACTION NO.**

**19-811-BAJ-EWD**

## NOTICE AND ORDER

On November 22, 2019, plaintiffs, Northern Frac Proppants, LLC ("NFP"); Northern Frac Proppants, LLC Series 1 ("Series 1"); and Northern Frac Proppants, LLC Series 2 ("Series 2") (collectively, "Plaintiffs") filed a Complaint against Regions Bank, NA ("Regions") and Chadler Cornett ("Cornett") (collectively, "Defendants") "to redress the role of Regions Bank and its employees in causing millions of dollars of injury to Plaintiffs by enabling a group of disloyal former business partners to steal and usurp Plaintiffs' valuable assets and business opportunities."[1] Plaintiffs allege that Defendants' assistance allowed certain former business partners to form a competing entity, fraudulently transfer Plaintiffs' asserts to that competing entity, and then sell the new entity.[2]

Plaintiffs allege that this Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[3] With respect to Defendants' citizenship, Plaintiffs allege that Regions is "a corporation organized under the laws of the State of Alabama with its principal place of business in Birmingham, Alabama" and that Cornett is domiciled in Baton Rouge, Louisiana.[4] Plaintiffs

---

[1] R. Doc. 1, p. 1.

[2] *Id*.

[3] R. Doc. 1, ¶ 17 ("This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.").

[4] R. Doc. 1, ¶¶ 10-11.

further allege that the "current Members of NFP, Series 1, and Series 2 are [Kenneth] Landgaard (who is domiciled in Montana), James Miller (who is domiciled in Texas), Richard Payne (who is domiciled in Texas), James Sladek (who is domiciled in Minnesota), and the estate of Rick Berens (who, prior to his death, was domiciled in Minnesota)."[5] Plaintiffs further allege that "Jeffries Alston (domiciled in Louisiana) and Eugene Noonan (domiciled in Wisconsin), who were among the disloyal and malfeasant members of the Plaintiffs, were since judicially deemed to have abandoned their respective membership interests."[6]

Based on Plaintiffs' allegations, it appears Plaintiffs' position is that the members of NFP, Series 1, and Series 2 are completely diverse from Defendants because the citizenship of Jeffries Alston should be disregarded. However, there is nothing in the record to support Plaintiffs' assertion that Mr. Alston has been "judicially deemed to have abandoned" his membership interest, nor is there anything to support Plaintiffs' position that assuming, *arguendo*, such abandonment has occurred, Mr. Alston's citizenship can be disregarded for purposes of this Court's subject matter jurisdiction. "Federal courts are duty bound to determine their own jurisdiction and may do so *sua sponte* if necessary."[7] Here, the Court *sua sponte* raises the issue of whether the parties are completely diverse.

Accordingly,

**IT IS HEREBY ORDERED** that, on or before **December 17, 2019**, Plaintiffs shall file a memorandum and supporting evidence regarding Plaintiffs' contention that Mr. Alston has been judicially deemed to have abandoned his membership interests such that Mr. Alston's citizenship

---

[5] R. Doc. 1, ¶ 12. *See*, 28 U.S.C. § 1332(c)(2) ("The legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent….").

[6] R. Doc. 1, ¶ 13.

[7] *Fontenot v. Albemarle Corp.*, 181 F3d 96, 1999 WL 346962, * 1 (5th Cir. 1999).

can be disregarded. Alternatively, on or before **December 17, 2019**, Plaintiffs shall file a notice of voluntary dismissal of their Complaint, pursuant to Fed. R. Civ. P. 41(a)(i).

**IT IS FURTHER ORDERED** that, on or before **December 31, 2019**, Defendants shall file either a Notice stating that Defendants agree that the citizenship of Mr. Alston can be disregarded for purposes of federal subject matter jurisdiction or a Motion to Dismiss based on lack of federal subject matter jurisdiction.

Signed in Baton Rouge, Louisiana, on December 3, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**