## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **NORTHERN FRAC PROPPANTS, LLC,** | * | **CIVIL ACTION NO. 19-cv-00811** |
| **NORTHERN FRAC PROPPANTS, LLC, SERIES** | * | |
| **1 AND NORTHERN FRAC PROPPANTS LLC** | * | |
| **SERIES 2,** | | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **VERSUS** | * | **JUDGE BRIAN A. JACKSON** |
| | * | |
| **REGIONS BANK, NA AND CHANDLER** | * | |
| **CORNETT,** | * | |
| | * | |
| **Defendant.** | * | **MAGISTRATE JUDGE ERIN** |
| | * | **WILDER-DOOMES** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### REGIONS BANK'S MOTION FOR SUMMARY JUDGMENT

NOW INTO COURT, through undersigned counsel, comes the only defendant, Regions Bank, who moves for summary judgment and dismissal of all claims asserted by Plaintiffs Northern Frac Proppants, LLC, Northern Frac Proppants, LLC, Series 1, and Northern Frac Proppants LLC, Series 2, with prejudice and at Plaintiffs' cost.

1.

Plaintiffs' claims that Regions Bank is liable because it purportedly failed to comply with the Bank Secrecy Act, Patriot Act and related Know Your Customer ("KYC") Regulations must be dismissed because there is no private right of action under these acts and regulations, and the acts and regulations do not create a duty on the part of a bank to support a negligence claim.

2.

All remaining claims against Regions Bank should be dismissed in their entirety because they are barred by the applicable prescriptive periods.  Additionally, the Louisiana Uniform Fiduciaries Act is simply inapplicable.

3.

This case is related to several other lawsuits which were filed in 2015 and 2017, in Texas and Wisconsin.  Importantly, Regions Bank was not a party to any of the prior litigation.  The prior litigation concerned Kenneth Landgaard's organization of Northern Frac Proppants, LLC ("NFP"), Jefferies Alston's role as CEO of NFP, and Alston's alleged theft of NFP's assets through a company Alston subsequently organized, Northern Frac Proppants, II ("NFP II").

4.

NFP opened a checking account with Regions Bank, Account 0083, in January 2013.  Alston and Brian Mora were authorized signers on the account.

5.

Alston and Mora caused Regions Bank to change the name on Account 0083 to NFP II and change the employer identification number on the account to NFP II's EIN.

6.

Around the same time, NFP II obtained a $77 million dollar loan from Deutsche Bank to construct a frac sand plant.

7.

The Deutsche Bank loan also required that Account 0083 be governed by a Deposit Account Control Agreement ("DACA"), which Regions executed.

8.

The frac sand plant was built and then sold for $85 million dollars.  NFP II received the proceeds of this sale.  NFP contended in the prior litigation that Alston and NFP II usurped NFP's business opportunities and converted NFP's assets.

2

9.

Discovery was conducted in the prior litigation and several subpoenas were issued to non-party Regions Bank for various documents related to Account 0083.  Regions Bank responded to the subpoenas, producing Account 0083's bank statements, cancelled checks, wire transaction reports and signature cards.  Account documents, including bank statements, were used in depositions in those lawsuits, and NFP was well aware that "the NFP II Defendants changed the name on NFP's bank account but continued to use the same account to fund NFP II's day-to-day operations."[1]

10.

Only after the Wisconsin and Texas suits were settled for $15 million dollars did Plaintiffs file this suit against Regions Bank.

11.

Plaintiffs filed this lawsuit on November 22, 2019, asserting that Regions Bank is liable for breach of contract, violations of the Louisiana Uniform Fiduciaries Law, and negligence. Plaintiffs assert that Regions Bank's changing the name and tax identification number on Account 0083, allowing Account 0083 to be pledged as collateral for the Deutsche Bank loan and entering into the DACA were the causes of Plaintiffs' damages.

12.

Any claim based on Regions Bank's alleged violation of the Bank Secrecy Act, Patriot Act and related KYC Regulations by either not collecting organizational documents from NFP at the time Account 0083 was opened, or reviewing company organization documents when the name

---

[1] Exhibit J - Certified copy of Petition filed in *2011 NF Holdings, LLC f/k/a NF Holdings, LLC, Northern Frac Proppants, LLC, et al v. Northern Frac Proppants, II, LLC n/k/a Aquasize LLC et al.,* 2017 CV 000126 (Trempealeau County, Wisconsin), at, ¶ 215 (filed August 22, 2017).

18596256.1

and tax identification number for Account 0083 were changed, must be dismissed.  Neither the Bank Secrecy Act, Patriot Act nor related KYC Regulations provide a private right of action, and they do not create a duty on the part of a bank sufficient to support a negligence claim.

13.

Plaintiffs' claims must also be dismissed because they are prescribed under (1) the Louisiana version of the UCC, (2) the Deposit Agreement that governs Account 0083, and (3) La. Civ. Code art. 3492.

14.

Claims under the applicable Louisiana UCC provisions must generally be asserted within one year of when the account statement is made available to the customer.  The Louisiana UCC also allows the parties to further reduce the time period to make a claim, which Regions Bank and NFP did in the Deposit Agreement which governed the account. Finally, La. Civ. Code art. 3492 sets forth a one-year prescriptive period for tort claims.

15.

The change to the account name and tax identification number was complete in March 2014.  The statements for Account 0083 were sent monthly to NFP to the address on file, including the February 2014 statement, which is the last statement bearing NFP's name, and the March 2014 statement, which is the first statement bearing NFP II's name.  NFP received the bank statements. Regions Bank also produced the account statements and other account documents to Landgaard and to NFP on three separate occasions in 2017 and 2018, almost two years prior to the filing of this lawsuit.

16.

The prior lawsuits filed by NFP and Kenneth Landgaard in 2015 and 2017 clearly show that NFP and Landgaard were aware of how Account 0083 was used by Alston and NFP II, and that the account name was changed to NFP II.  Despite having this knowledge, Plaintiffs waited more than two years to file suit against Regions.  Plaintiffs' claims against Regions Bank are clearly prescribed.

17.

Lastly, Plaintiffs assert that Regions Bank is liable under the La. R.S. 9:3807, 3808 and 3809 of the Louisiana Uniform Fiduciaries Law ("UFL").  The claims under the UFL must be dismissed because (1) Louisiana's UCC provisions govern this dispute; and (2) under either the UCC provisions or the UFL, NFP cannot establish Regions' liability.

18.

In support of this motion, Regions Bank submits the following exhibits:

Exhibit A - Depo. K. Landgaard (Apr. 6, 2021) (excerpts);

Exhibit B - Depo. of J. Alston (May 27, 2021) (excerpts);

Exhibit C – Rule 30(b)(6) Depo. of Northern Frac Proppants, LLC (May 28, 2021) (excerpts);

Exhibit D – Declaration of Kimberly Burkhalter Townsley;

Exhibit E - Depo J. Adamson (Feb. 9, 2021)(excerpts);

Exhibit F - 30(b)(6) Depo. of Regions Bank thru J. Knapps (May 26, 2021) (excerpts);

Exhibit G - Depo. A. Province (May 26, 2021) (excerpts);

Exhibit H - Depo. C. Cornett (Nov. 11, 2020) (excerpts);

Exhibit I - Certified copy of Petition filed in *2011 NF Holdings, LLC, f/k/a NF Holdings v. Northern Frac Proppants, II, LLC, et al,* DC-15-01754 162nd Judicial District Dallas County, Texas;

5

Exhibit J - Certified copy of Petition filed in *2011 NF Holdings, LLC f/k/a NF Holdings, LLC, Northern Frac Proppants, LLC, et al v. Northern Frac Proppants, II, LLC n/k/a Aquasize LLC et al.,* 2017 CV 000126 (Trempealeau County, Wisconsin);

Exhibit K- Certified copy of Petition filed in *Landgaard v. Daniel Koxlien, et al*, Suit No. 2017 CV 000017 (Trempealeau County, Wisconsin);

Exhibit L – Plaintiffs' Response and Objections to Defendant's First Set of Interrogatories;

Exhibit M - Depo. J. Maguire (Oct. 28, 2021) (excerpts);

Exhibit N– Depo. J. Alston (Oct. 26, 2018) (excerpts);

Exhibit O – Depo. D. Koxlien (Nov. 14, 2018) (excerpts);

Exhibit P – Depo. E. Noonan (Nov. 13, 2018) (excerpts);

Exhibit Q – NFP's Initial Disclosures (Jan. 30, 2020);

Exhibit R – NFP's Responses to Regions Bank's Second Request for Production of Documents (Nov. 3, 2020);

Exhibit S – Plaintiffs' Amended Response and Objections to Defendant's Requests for Admission (Jan. 18, 2021);

Exhibit T- Depo. K. Landgaard (Sept. 19, 2018) (excerpts);

Exhibit U - Depo. of Daniel Koxlien (September 20, 2018) (excerpts);

Exhibit V - Depo. Brian Mora (July 10, 2018) (excerpts); and

Exhibit W – Plaintiffs' Response to Defendant's Requests for Admission (Dec. 2, 2020).

19.

For these reasons and as more fully set forth in Regions Bank's Memorandum in Support of Motion for Summary Judgment, all claims asserted by Plaintiffs against Regions Bank should be dismissed with prejudice at Plaintiffs' cost.

18596256.1

WHEREFORE, Regions Bank's Motion for Summary Judgment should be granted and Plaintiffs' claims dismissed in their entirety, with prejudice and at Plaintiffs' cost.

RESPECTFULLY SUBMITTED:

**McGLINCHEY STAFFORD, PLLC**

/s/ *Juston M. O'Brien*

MICHAEL D. FERACHI (La. Bar No. 19566)
JUSTON M. O'BRIEN (La. Bar No. 26447)
AMANDA S. STOUT (La. Bar No. 29001)
301 Main Street, Suite 1400
Baton Rouge, LA 70801
Telephone: (225) 383-9000
Facsimile: (225) 343-3076
Email: mferachi@mcglinchey.com
Email: jobrien@mcglinchey.com
Email: astout@mcglinchey.com

18596256.1