UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **NORTHERN FRAC PROPPANTS, LLC,** | * | **CIVIL ACTION NO. 19-cv-00811** |
| **NORTHERN FRAC PROPPANTS, LLC, SERIES** | * | |
| **1 AND NORTHERN FRAC PROPPANTS LLC** | * | |
| **SERIES 2,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| **VERSUS** | * | **JUDGE BRIAN A. JACKSON** |
| | * | |
| **REGIONS BANK, NA AND CHANDLER** | * | |
| **CORNETT** | * | |
| | * | |
| **Defendants.** | * | **MAGISTRATE JUDGE ERIN** |
| | * | **WILDER-DOOMES** |

*********************************************

## MEMORANDUM IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT

Regions requests this Court amend the Judgment entered on May 22, 2022 to correct an error in the Judgment which dismissed the case in its entirety, instead of dismissing only Plaintiffs' claims against Regions. Amendment of the Judgment is necessary to preserve Regions' Counterclaim. The Judgment should be amended pursuant to Fed. R. Civ. P. 60 to correct this error. In the alternative, Regions requests this Court alter or amend the Judgment pursuant to Fed. R. Civ. P. 59(e).

**I.     PROCEDURAL HISTORY**

On November 22, 2019, Plaintiffs filed this lawsuit against Regions.[1] On January 8, 2020, Regions filed its initial Answer and Affirmative Defenses.[2] Regions amended its answer to the Original Complaint on February 26, 2020 and asserted a Counterclaim against Plaintiffs for

---

[1] Chadler Cornett was also named as a defendant. Mr. Cornett was later dismissed as a defendant and the action has proceeded against Regions only. *See* R. Docs. 28, 31 and 40.
[2] R. Doc. 15.

1

attorney's fees as provided in the 2012 Deposit Agreement governing the account.[3] Plaintiffs answered Regions' Counterclaim,[4] and later filed an Amended Complaint.[5] Regions answered the Amended Complaint and reasserted its Counterclaim.[6] Plaintiffs did not respond to the Counterclaim filed with Regions' Answer to the Amended Complaint.

On November 15, 2021, Regions filed its Motion for Summary Judgment seeking dismissal of all of Plaintiffs' claims.[7] Regions did not seek summary judgment on its Counterclaim. Plaintiffs did not file a motion for summary judgment on Regions' Counterclaim.

On April 29, 2022, this Court issued its Ruling granting Regions' Motion for Summary Judgment. The Ruling states, in pertinent part,[8]

> IT IS ORDERED that Regions' **Motion For Summary Judgment (Doc. 66)** be and is hereby **GRANTED**.
>
> IT IS FURTHER ORDERED that Plaintiffs' action be and is hereby DISMISSED WITH PREJUDICE.

On May 2, 2022, this court issued its Judgment and, instead of dismissing only Plaintiffs' claims, dismissed the case in its entirety, with prejudice:[9]

---

[3] R. Doc. 21, at ¶ 1 ("Defendant is entitled to attorney's fees pursuant to the provisions of the 2012 Deposit Agreement entered into with Plaintiffs upon the inception of Plaintiffs' deposit accounts with Defendant."); *See* R. Doc. 20 (Order granting Regions' motion for leave to file amended answer).
[4] R. Doc. 25.
[5] R. Doc. 46.
[6] R. Doc. 47, at ¶ 1 ("Defendant is entitled to attorney's fees pursuant to the provisions of the 2012 Deposit Agreement entered into with Plaintiffs upon the inception of Plaintiffs' deposit accounts with Defendant.").
[7] R. Doc. 66.
[8] R. Doc 108, Ruling, p. 19.
[9] R. Doc. 109.

20640407.3

## JUDGMENT

For written reasons assigned (Doc. 108),

**IT IS ORDERED, ADJUDGED, AND DECREED** that the above-captioned action be and is hereby **DISMISSED WITH PREJUDICE.**

## II. LAW AND ARGUMENT

It was an error to dismiss this case in its entirety without allowing Regions to prosecute its Counterclaim. The Federal Rules of Civil Procedure allows such an error to be remedied through Rule 60. Rule 60(a) allows courts to correct "a clerical mistake or a mistake arising from oversight or omission." The Fifth Circuit has stated that Rule 60(a) may be used where the record makes it apparent that the court intended one thing but by merely clerical mistake or oversight did another.[10] This court recognized in *Starns v. Avent*[11] that Rule 60(a) is to be utilized for the correction of a "clerical mistake"; when the judgment rendered does not match the intentions of the court.[12] Thus, a "judgment can be corrected to speak the truth."[13] Rule 60(b) further provides that a court may relieve a party from a final judgment, order or proceeding for mistake, inadvertence, surprise, or excusable neglect or any other reason that justifies relief.[14]

Courts have used Rule 60 to correct dismissal of claims the court did not intend to dismiss. In *Paiz v. US. Postal Service*,[15] for example, plaintiff asserted claims under the FMLA, for breach of contract, breach of the covenant of good faith and fair dealing, retaliatory discharge and intentional infliction of emotional distress. The defendants moved to dismiss the non-FMLA

---

[10] *Dura-Wood Treating Co. v. Century Forest Indus.*, 694 F.2d 112 (5th Cir 1982).
[11] 96 B.R. 620 (M.D. La. 1989), *aff'd sub nom. Hendrick v. Avent,* 891 F.2d 583 (5th Cir. 1990).
[12] *Id* at 628.
[13] *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 669 (5th Cir. 1986) (*quoting Dura-Wood Treating Co., Div. of Roy O. Martin Lumber Co. v. Century Forest Indus., Inc.*, 694 F.2d 112, 114 (5th Cir. 1982)).
[14] Fed. R. Civ. P. 60(b)(1), (6).
[15] 214 F.R.D. 675 (D. N.M. 2003).

claims and plaintiff's FMLA claims against the individual defendants. Defendants did not move to dismiss the FMLA claims against the USPS. The Court's order stated that it was granting the defendants' motion. Importantly, the order did not state that it was also dismissing plaintiff's FMLA claims against the USPS. The Judgement, however, stated that "this action is hereby DISMISSED WITH PREJUDICE."[16] In reinstating plaintiff's FMLA claims against the USPS, the court concluded that the entry of the judgment dismissing all of plaintiff's claims reflected an inadvertent clerical error. The court noted that dismissal of all claims was not requested by defendant's in their motion and the court's memorandum opinion and order clearly did not include, nor did it intend to include, the FMLA claim against the USPS.[17]

In *Baeza v. Verizon Wireless Texas, LLC*,[18] the court utilized Rule 60 to correct a judgment on a motion for partial summary judgment, where the opinion was clear that the court intended to deny summary judgment for both parties on the asserted FMLA interference claim.[19] In *Local 710 I.B.T. Pension Fund v. United Parcel Service, Inc.*,[20] Rule 60 was employed to correct an order on a motion for partial summary judgment which contained a notation to the effect that the case was terminated. The court found this notation contradicted the thrust of all prior proceedings and was a clerical error which could be corrected by Rule 60(a).[21]

It is apparent that the Judgment contained a clerical error that can be corrected under Rule 60. The Court's Ruling clearly states that the Plaintiffs' claims are dismissed in their entirety. Under Rule 60, the Court should correct the Judgment to state that Plaintiffs' claims are dismissed with prejudice, leaving intact Regions' Counterclaim against Plaintiffs.

---

[16] *Id.*, at 678 (emphasis in original).
[17] *Id.*, at 679.
[18] 2021 WL 1177887 (W. D. Tex. March 29, 2021).
[19] *Id.*, at * 2.
[20] 2003 WL 22462557 (N.D. Ill. October 29, 2003).
[21] *Id.*, at * 1

4

In the alternative, the Judgment should be amended under Fed. R. Civ. P. 59(e). Rule 59(e) states that "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." As the Judgment was entered May 2, 2022, this motion is timely.

"The purpose of a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) is to correct manifest errors of law or fact or to present newly discovered evidence."[22] Without a doubt the dismissal of the Regions' Counterclaim was in error as no dispositive motion was filed on Regions' Counterclaim, and the Court's Ruling makes it clear that the Court was only dismissing Plaintiffs' claims against Regions.

In *Britt v. Whitmire*,[23] the court concluded Rule 60(a) did not apply when the district court purported to rule on a partial summary judgment motion—rather than a summary judgment motion to resolve all claims—because altering the judgment required "more than a mere correction of a clerical error by the district court" and would "clearly affect[ ] substantial rights of the parties" because it would dismiss all of plaintiff's claim as opposed to the one stated in the opinion.[24]

Thus, to the extent that the Court determines that reinstatement of Regions' Counterclaim affects substantial rights of the parties, dismissal of Regions' Counterclaim was a manifest error as no party moved for summary judgment on Regions' counterclaim and no evidence or argument was presented on Regions' Counterclaim.

## III.   CONCLUSION

The only motion for summary judgment presented to the Court was Regions' motion for summary judgment seeking the dismissal of all of Plaintiffs' claims against Regions. The Court's Ruling confirms that the Court intended to dismiss all of Plaintiffs' claims against Regions with

---

[22] *Ruscavage v. Zuratt*, 831 F. Supp. 417, 418 (E.D. Pa. 1993), citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985).
[23] 956 F.2d 509, 515 (5th Cir. 1992).
[24] *Id.*, at 515.

prejudice. The Judgment subsequently entered dismissed the entire case, including Regions' Counterclaim. The Judgment contains a clear error that must be corrected. Regions respectfully requests that this motion be granted and the Court amend the Judgment to dismiss Plaintiffs' claims against Regions with prejudice, maintaining Regions' Counterclaim against Plaintiffs.

Respectfully submitted,

 /s/ Juston M. O'Brien
Michael D. Ferachi (La No. 19566 (T.A.)
Juston M. O'Brien (La. No. 26447) (T.A.)
Amanda S. Stout (La. No. 29001)
Lucas A. Schenk (La. No. 39330)
**McGlinchey Stafford, PLLC**
301 Main Street, Ste. 1400
Baton Rouge, Louisiana  70801
Telephone:  (225) 383-9000
Facsimile:   (225) 343-3076
mferachi@mcglinchey.com
jobrien@mcglinchey.com
astout@mcglinchey.com
lschenk@mcglinchey.com

**ATTORNEYS FOR REGIONS BANK**

20640407.3