UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **NORTHERN FRAC PROPPANTS, LLC, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | |
| **REGIONS BANK, NA, ET AL.** | **NO. 19-00811-BAJ-EWD** |

<u>RULING AND ORDER</u>

Now before the Court is Defendant Regions Bank, NA's **Motion To Establish Amount of Attorney's Fees, Costs And Expenses Due In Connection With Final Judgment (Doc. 118)**, seeking a total award of $1,346,150.04, of which $842,126.83 are attorney's fees and $504,043.21 are costs and expenses. The Motion is unopposed. Also before the Court is Regions' **Motion To Review Taxation Of Costs (Doc. 121)**, seeking a review of the Clerk of Court's denial of Regions' Bill of Costs, which was filed in "an abundance of caution" and asks for the same costs and expenses Regions asks for in its Motion to Establish Amount of Attorney's Fees, Costs and Expenses. This Motion is also unopposed. For reasons that follow, the Motion to Establish Amount of Attorney's Fees, Costs and Expenses will be granted in part, and the Motion to Review Taxation of Costs will be denied without prejudice. Regions may file again for costs with the Clerk of Court, but for only those costs allowed by statute and the Federal Rules of Civil Procedure.

I. **BACKGROUND**

Plaintiff Northern Frac Proppants, LLC (NFP) opened account number 0083 with Regions Bank on January 11, 2013. (Doc. 66 at ¶ 6). When the account was

opened, Regions made available to NFP the 2012 Deposit Agreement, which "governed the operation and control of the account," and which provided that the account customer agreed to its terms by opening an account, signing any signature or maintenance card, or otherwise using the account. (Doc. 118-3 at 2). Under the Deposit Agreement, NFP agreed to reimburse Regions if Regions "incur[red] attorneys' fees, costs or expenses" to resolve disputes regarding who was authorized to withdraw from the account or who owned or had rights to the funds in the account. (Doc. 118-3 at 3 (excerpting from ¶ 33 of the 2012 Deposit Agreement)). Also under the Deposit Agreement, NFP agreed to cover "any . . . cost or expense (including reasonable attorney's fees)" incurred by Regions if Regions was sued over actions taken "with respect to [NFP's] account in accordance with [NFP's] instructions or orders, or in accordance with [the Deposit Agreement]." (*Id.* (excerpting from ¶ 35 of the 2012 Deposit Agreement)).

NFP's claims against Regions in this action involve ownership of Account 0083 and the transfer of funds from that account to a second entity, Northern Frac Proppants II, LLC (NFP II). (*Id.*; Doc. 108 at 4–6). Plaintiffs contend that shortly after opening Account 0083, NFP CEO Jeffries Alston implemented a scheme to divert business assets and opportunities *away* from NFP to a NFP II, which was under Alston's control. (Doc. 108 at4). Specifically, on order of Alston, non-party Brian Mora instructed Defendant Chadler Cornett, a Regions employee, to change the name and tax ID on Account 0083 from NFP to NFP II. (Doc. 108 at 5–6). "Thereafter, tens of millions of dollars of NFP II's profits flowed through Account 0083, none of which was

2

shared with NFP." (*Id.* at 6).

On November 22, 2019, Plaintiffs sued Regions and Cornett for their role in the reassignment of Account 0083, alleging breach of contract, negligence, and other related claims. (*Id.* at 7). Regions also asserted a Counterclaim against NFP for attorney's fees and costs as provided in the 2012 Deposit Agreement. (Doc. 21 at ¶ 1 ("Defendant is entitled to attorney's fees pursuant to the provisions of the 2012 Deposit Agreement entered into with Plaintiffs upon the inception of Plaintiffs' deposit accounts with Defendant.")).

On April 29, 2022, the Court granted summary judgment to Regions and dismissed the case with prejudice. (Doc. 108). Soon after, Regions timely moved to amend the judgment because Regions' Counterclaim against NFP for attorney's fees had also been dismissed. (Doc. 111). As Plaintiffs' appeal of the Court's ruling on summary judgment was docketed that same day, the Court denied Regions' Motion to Amend Judgment, stating that Regions was entitled to refile its motion pending the outcome of the appeal. (Doc. 115).

After the U.S. Court of Appeals for the Fifth Circuit affirmed this Court's judgment, (Doc. 119), Regions refiled its Motion for Attorney Fees (Doc. 118), seeking attorney's fees, costs, and expenses under the 2012 Deposit Agreement. Specifically, Regions seeks $842,126.83 in attorney's fees for the services of three different law firms: McGlinchey Stafford, Kean Miller, and Legility, (Doc. 118-1 at 5–6), and $504,043.21 in costs and expenses for, among others, depositions, certified copies, expert fees, and e-discovery and document management services, (Doc. 118-3 at 20–

3

21).[1]

## II. LAW AND ANALYSIS

### A. Availability of Attorney's Fees and Costs

Under Louisiana law, attorney's fees are recoverable only if they are authorized by statute or by contract.[2] *Homestead Ins. Co. v. Guarantee Mut. Life Co.*, 459 F. App'x 398, 404–05 (5th Cir. 2012) (*citing Sher v. Lafayette Ins. Co.*, 988 So.2d 186, 201 (La.2008) ("Louisiana courts have long held that attorney's fees are not allowed except where authorized by statute or contract.")). If the parties fail to expressly provide a contractual obligation to pay attorney's fees, Louisiana law will not imply one. *Id.* (*citing Maloney v. Oak Builders, Inc.*, 256 La. 85, 235 So.2d 386, 390 (1970). Because the award of attorney's fees is exceptional and penal in nature, attorney's fees statutes are strictly construed. *Id.* (*citing Cracco v. Barras*, 520 So.2d 371, 372 (La.1988).

Here, the contract between Regions and NFP, namely the 2012 Deposit Agreement, expressly allows for the recovery of attorney's fees. Sections 33 and 35 of the Agreement provide that Regions may recover attorney's fees incurred in litigation regarding ownership or withdrawals from Account 0083—precisely the nature of the

---

[1] Because Regions seeks costs pursuant to its contract with NFP, and not pursuant to federal statute or the Federal rules, it did not file a Bill of Costs after Judgment was entered in 2022. This time around, however, Regions did file a Bill of Costs "out of an abundance of caution," which was denied by the Clerk of Court as untimely. (Doc. 121-1 at 2). As set forth in this Order, Regions will not be awarded the costs it seeks under its contract with NFP but may refile its Bill of Costs with the Clerk of Court.

[2] "This Court sitting in diversity pursuant to 28 U.S.C. Section 1332," as it is here, "must apply Louisiana law." *Jorge-Chavelas v. Louisiana Farm Bureau Cas. Ins. Co.*, 307 F. Supp. 3d 535, 552 (M.D. La. 2018), *aff'd*, 917 F.3d 847 (5th Cir. 2019).

4

claims brough by NFP in this action. (Doc. 118-3 at 3). Based on these clear contractual terms, the Court finds that Regions is entitled to attorney's fees.

As for costs, "[t]axable costs are limited to relatively minor, incidental expenses as is evident from [28 U.S.C.] § 1920" and "are a fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators," such that "costs almost always amount to less than the successful litigant's total expenses in connection with a lawsuit." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012) (citation omitted).[3] This list is generally exhaustive, and the Supreme Court has indicated that federal courts may not award more than those costs articulated in § 1920 "absent explicit statutory or contractual authorization to the contrary." *Mota v. Univ. of Texas Houston Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001) (*citing Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444–45 (1987)).

Here, Regions seeks $504,043.21 in costs for categories of expenses not enumerated above and not normally awarded in federal court. (Doc. 118-3 at 20–21). Regions argues that because "the Deposit Agreement does not limit the types of costs

---

[3] In this diversity case, "applicable state law might provide for other items to be taxed as costs" as well, *Guillory v. Starr Indem. & Liab. Co.*, No. CV 18-1634, 2019 WL 3063531, at *2 (W.D. La. July 11, 2019), but Regions has pointed to no state or other precedent expanding costs outside the bounds of 28 U.S.C. §§ 1821 and 1920 and Fed. R. Civ. P. 54(d). (*See* Doc. 118-3 at 6). Additionally, the Fifth Circuit has approved the application of federal law on the issue of costs "even in [diversity actions] where state law controls substantive aspects of the dispute." *Bates Energy Oil & Gas, LLC v. Complete Oil Field Servs., LLC*, No. 5:17-CV-808-RCL, 2021 WL 3137421, at *16 (W.D. Tex. Feb. 22, 2021) (*citing Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 689 (5th Cir. 1991) *and Carter v. General Motors Corp.*, 983 F.2d 40, 43 (5th Cir. 1993) (listing the authorities that "share our conclusion that federal procedural law ordinarily governs the award of costs in diversity cases")). For these reasons, the Court will contrast Regions' request for costs only with those costs allowed under federal law.

and expenses which may be recovered," its award of costs should similarly not be limited to those allowed under "28 U.S.C. §§ 1821 and 1920 and Fed. R. Civ. P. 54(d)." (Doc. 118-3 at 6–7). The Court is unpersuaded. Although a contract may allow for costs beyond those set forth in statutes and the Federal Rules, the terms must be "explicit." *See Mota*, 261 F.3d at 529. Regions points to no such explicit contractual term in its Deposit Agreement that could possibly justify its considerable costs request. (*See* Doc. 118-3 at 6).

In fact, contrasting language in the Deposit Agreement creates ambiguity that precludes a finding that Regions may seek limitless costs. In Section 33, the Agreement provides for costs "[i]f [Regions] incur[s] attorneys' fees, costs or expenses," whereas Section 35 provides for costs "[i]f . . . [Regions] incur[s] *any* loss, liability, damage, cost or expense (including reasonable attorney's fees)." (Doc. 118-3 at 3 (emphasis added)). It is only the latter clause, with the more expansive modifier, "any," that could arguably allow for the eye-popping $504,043.21 in costs sought by Regions here. And yet Regions has made no argument for why the Court should favor one clause over the other. Rather than choosing a clause on its own, the Court will hold that the Agreement as a whole does not "explicitly" allow Regions to seek more costs than authorized by statute. *See Mota*, 261 F.3d at 529; *United States v. Katz*, 271 U.S. 354, 362–363 (1926) (Brandeis, J.) (*citing United States v. Palmer* 16 U.S. 610, 631–633 (1818) (Marshall, J.)) (adopting a narrow reading of the word 'any' when "a literal application" resulted in "exceptional consequences")). The single word "any," only featured in one of two relevant clauses, does not sufficiently put NFP on notice

6

that it would be subject to costs of litigation not normally awarded in federal court. The Fifth Circuit's command to strictly construe 28 U.S.C. § 1920 supports this approach because it would defy logic to strictly construe a statute setting forth litigation costs and not a contract provision doing the same. *See Mota*, 261 F.3d at 529. For these reasons, Regions' Motion will be denied without prejudice with respect to the $504,043.21 in costs it seeks. Regions may move again for costs to the Clerk of Court but may only be awarded those costs allowed by Rule 54(d) of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 1821 and 1920.

### B. "Lodestar" Standard

The Supreme Court has specified that the "lodestar" calculation is the "most useful starting point" for determining the award for attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar is computed by ". . . the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* The lodestar calculation ". . . provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id.* The lodestar is presumed to be a reasonable calculation and should be modified only in exceptional circumstances. *Id.* (*citing City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)). After making this calculation, the Court may decrease or enhance the lodestar based on the relative weights of the twelve factors originally set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting "adequate documentation of the hours

reasonably expended" and demonstrating the use of billing judgement. *Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F. Supp. 2d 279, 286 (E.D. La. 2008) (*citing Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997)).

### i. Reasonable hourly rates

Regions seeks fee awards at three different rates for the three law firms that assisted in this matter. First, representing the lion's share of the total legal bill, it seeks fees for McGlinchey Stafford at an "effective blended rate of $234/hr," which accounts both for the range of fees charged for individual attorneys and a "volume discount" given to Regions Bank for work done under the contract. (Doc. 118-3 at 17). In other words, although some attorneys billed Regions Bank at far higher rates than $234 per hour, after accounting for the billing rates of more junior attorneys and applying the volume discount given to Regions, the total average rate billed to Regions and sought here in Regions' Motion is $234 per hour. NFP does not contest this rate and based on the Court's experience and a review of similar cases, the Court approves Regions' proposed hourly rates for McGlinchey Stafford without adjustment. This rate is reasonable, and in fact it is below the market rate in this district. *See Capitol City Produce Co. v. Sammy's Holdings, L.L.C.*, 2020 WL 6938814, at *9 (M.D. La. Nov. 25, 2020) (approving hourly rates of $425, $400, and $300 an hour); *Campbell v. Verma Sys., Inc.*, No. CV 21-272-BAJ-RLB, 2022 WL 879497 (M.D. La. Mar. 23, 2022) (approving an hourly rate of $375/hr for an attorney with 22 years of experience); *Acadian Diagnostic Lab'ys, LLC v. Quality Toxicology, LLC*, No. CV 16-00176-BAJ-EWD, 2020 WL 1317733 (M.D. La. Mar. 20, 2020) (approving hourly

8

rates of $300/hr, $225/hr for attorneys and $75/hr for paralegals).

Second, Regions seeks fees for the work performed by the law firm of Kean Miller in representing Regions employee Chadler Cornett until his dismissal from the case in 2020. Again, as before, Regions asks for fees charged by several Kean Miller attorneys at different rates but resulting in an "effective blended rate of $264/hr." Again, and as before, in the absence of any objection and based on the Court's experience, the Court finds this rate reasonable.

Third, Regions seeks fees for document review performed by attorneys at Legility, a law firm which provides electronic discovery review services. (*See* Doc. 118-3 at 6). Similarly, Legility charged fees for multiple attorneys, but the resulting average hourly rate charged to Regions and sought here is $65.19. The Court approves this rate for the reasons set forth above.

### ii. Reasonable hours expended

Regions' proposed fee award is based on 3257.9 hours expended by attorneys at McGlinchey Stafford, 148.9 hours by attorneys at Kean Miller, and 258 hours of work by attorneys at Legility. (*See* Doc. 118-3 at 8, 18, 19). The Court finds that Regions has supported its hours assertion with sufficient evidence, including affidavits attesting to the reasonableness of the lawyers' billing practices, (Docs. 118-1, 118-2), and a detailed itemization of hours billed, (Doc. 118-2). *See LaBarge Pipe & Steel Co. v. First Bank*, No. CIV.A. 03-281-BAJ, 2011 WL 3841605, at *2 (M.D. La. Aug. 29, 2011) (*quoting Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) ("[C]ourts customarily require the applicant to produce

9

contemporaneous billing records or other sufficient documentation so that the district court can fulfill its duty to examine the application for noncompensable hours, but failing to provide contemporaneous billing statements does not preclude an award of fees per se, as long as the evidence produced is adequate to determine reasonable hours.") (quotation marks omitted) (Jackson, J.).

### iii. Lodestar rate

In summary, the lodestar amount of reasonable hours multiplied by the reasonable rates set forth above is as follows:

| | | |
|---|---|---|
| McGlinchey Stafford | 3,257.9 hours @ $234/hour = | $762,348.60 |
| Kean Miller | 148.9 hours @ $264/hour = | $39,407.39 |
| Legility | 258 hours @ $65.19/hour = | $16,824.75 |
| | **Total:** | **$818,579.60** |

As neither party argues for a reduction or enhancement of the lodestar amount, the Court finds that it is fair and reasonable and therefore need not address the *Johnson* factors. *See Johnson*, 488 F.2d 714; *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 800 (5th Cir. 2006) ("There exists a strong presumption of the reasonableness of the lodestar amount."); *Watkins v. Forcide*, 7 F.3d 453, 457 (5th Cir. 1993) (holding that the lodestar is presumed to be a reasonable calculation and should be modified only in exceptional circumstances).

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant Regions Bank NA's **Motion for Attorney**

Fees, Costs and Expenses Due in Connection with Final Judgment (Doc. 118) be and is hereby **GRANTED IN PART**. Plaintiffs shall pay Defendant Regions Bank's reasonable attorney's fees in the amount of $818,579.60, as determined herein. In all other respects, Regions Bank NA's **Motion (Doc. 118)** be and is hereby **DENIED** without prejudice to the right, within 30 days, to file a renewed bill of costs seeking only those costs allowed by Rule 54(d) of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 1821 and 1920.

**IT IS FURTHER ORDERED** that Defendant Regions Bank NA's **Motion to Review Taxation of Costs (Doc. 121)** be and is hereby **DENIED WITHOUT PREJUDICE**. As described above, Regions Bank may file again for costs with the Clerk of Court.

Baton Rouge, Louisiana, this 18th day of January, 2024

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**